UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALEJANDRO BELLO MORALES,

        Petitioner,

v.                                Case No. 2:26-cv-235-JES-DNF

MIAMI KROME IMMIGRATION COURT,
et al.,

        Respondents.

_____

**ORDER**

This matter comes before the Court on Morales's Second Motion to Enforce Judgment and for Immediate Release (Doc. 13).  Federal Respondents filed an expedited Response (Doc. 19) asking the Court to deny the motion because "independent merits-based findings" were made to deny bond.

On February 26, 2026, the Court issued an Opinion and Order directing Respondents to either provide Morales with the statutory process required under 8 U.S.C. § 1226(a) (a bond hearing) or to release him from custody within ten days.  (Doc. 6.)  On March 5, 2026, an Immigration Judge denied bond because "Respondent has not met his burden in establishing he is a suitable bail risk because

Respondent is under an order of removal (on appeal), no property in US, and no close immediate family with status in US. see Matter of Guerra." (Doc. 13-1, p. 9.) On March 16, 2026, the Court granted a Motion to Enforce Judgment and for Further Relief (Doc. 9) to the extent that a new bond hearing was required, and respondents did not object. (Doc. 12.) The second bond hearing was conducted and Morales returned to this Court on a second motion to enforce judgment.

On March 26, 2026, the Immigration Judge conducted a custody redetermination hearing and denied the request because "[b]ased on Respondent being charged in the Notice to Appear as an arriving alien, the Court lacks jurisdiction to see a bond. see Matter of OSEIWUSU, 22 I&N Dec 22 (BIA 1998); 8 CFR section 1003.19(2)(h)(ii)(B). Also, Respondent is not a suitable bail risk as Respondent is currently under an Order of Removal (which is on appeal before the BIA). see Matter of Guerra." (Doc. 13-1, p. 12.)

While the first basis for denial – a lack of jurisdiction - is insufficient to comply with the Court's Opinion and Order, the alternative reasons for denial are arguably in compliance with the Opinion and Order. The district court lacks subject matter

2

jurisdiction to review the merits of the immigration judge's alternative decision to deny bond. "The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole." 8 U.S.C. § 1226(e). Petitioner's remedy for any alleged error by the immigration judge in the bond denial is to appeal that decision pursuant to the normal appellate procedures, for which there is a government form (Form EOIR-26) available to Petitioner.

Accordingly, it is now

**ORDERED:**

Petitioner Morales's Second Motion to Enforce Judgment and for Immediate Release (Doc. 13) is **DENIED.**

**DONE AND ORDERED** in Fort Myers, Florida on April 2, 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

3